PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2002 GZ Suzuki 250 motorcycle struck a crack in the pavement on County Route 17 in Marshall County. County Route 17 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:00 a.m. on *107 June 7,2007. County Route 17, commonly referred to as Fork Ridge Hill, is a two-lane road at the area of the incident involved in this claim. Carol Minor was operating the motorcycle with her husband, Randy Minor, following her on his motorcycle. As Ms. Minor was traveling on the right portion of the lane at approximately twenty-five to thirty miles per hour, the motorcycle’s front tire struck a crack in the road. Ms. Minor did not realize that the crack existed until she came upon it. The photographs demonstrate that the crack was situated between the centerline and edge line, and it was located on a hill near a gradual turn in the road. Claimant testified that she was unable to avoid the crack because the pavement was rough throughout this area. Ms. Minor stated that she had driven her truck on County Route 17 the day before the incident, but she had not ridden her motorcycle in this area for about two weeks prior to the accident. Since she was aware that the crack existed, she usually drove closer to the centerline and to the left of the crack. On the day in question, she decided it was too dangerous to drive near the centerline because of the prospect of oncoming traffic near the centerline, which could result in a collision with the motorcycle. In addition, she stated that it is the usual and customary practice for motorcyclists to operate motorcycles closer to the outside of the lane when maneuvering through a curve in the road.
When claimants’ motorcycle struck the crack, it caused the motorcycle to tip over onto Ms. Minor’s left ankle. As a result, she suffered from a fractured ankle, abrasions, and bruises on her right elbow. Although she did not suffer from permanent injuries, it took approximately two months for her ankle to heal. In addition, the photographs submitted as evidence demonstrate that the motorcycle’s mirror, windshield, and fender were damaged. Claimant seeks to recover $3,000.46 as a result of this incident, including $2,500.00 for pain and suffering; $435.46 in out-of-pocket medical costs; and $65.00 in motorcycle repairs.
Mr. Minor testified that he was following his wife on his motorcycle when the incident occurred. He stated that Ms. Minor was driving the motorcycle towards the right side of the lane so that oncoming traffic would not hit the motorcycle. As she was proceeding up the hill, the motorcycle’s front tire caught on a jagged edge in the surface of the pavement. As a result, the motorcycle fell to the ground and slid for approximately five feet. He stated that there was no oncoming traffic at the time of the incident. Mr. Minor testified that he frequently rides his motorcycle on this road, and he noticed that the road’s condition had worsened during the previous year. He stated that respondent had repaired a slip in the road once before, but the slip had reappeared. The slip caused the pavement to sink which created the crack on the road’s surface. He testified that the crack was approximately thirty feet long, six inches wide, and five inches deep.
The position of the respondent is that it did not have notice of the crack on County Route 17 on the day in question. Christopher Minor, Highway Administrator II for respondent in Marshall County, testified that County Route 17 is a secondary access road. He stated that flooding in 2004 caused various slips to appear on this road. Respondent had contractors re-stabilize the bank, place steel piling in the ground, and reshape the road to make it safe for the traveling public. In this particular location, the piling wall failed, which caused an aggravated slip to form. When the piling wall failed, it took the shoulder of the road as well as the road’s surface. Mr. Minor testified that respondent worked with contractors to improve the conditions of the road. On April 10, 2007, respondent patched the area with cold mix. Mr. Minor stated that the crack in question could have formed after April 10, 2007. However, respondent did not have notice of the crack prior to this incident.
*108 The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the crack in the road which claimants’ motorcycle struck and that the crack presented a hazard to the traveling public. The testimony of Christopher Minor leads the Court to conclude that respondent had notice that this was a problem area on County Route 17. In addition, the evidence established that the crack was approximately thirty feet long, six inches wide, and five inches deep. Thus, the Court finds that respondent was negligent in its maintenance of County Route 17. The Court has determined that the amount of damages set forth by the claimants is fair and reasonable. However, the Court also finds that claimants had notice of the crack along County Route 17 prior to this incident. Ms. Minor stated that she was aware of the slips along County Route 17, and she had seen the crack before this accident. Since the claimants had notice of the road’s conditions, the Court finds that Ms. Minor was comparatively negligent, and the Court will reduce the claimants’ recovery by thirty-percent (30%).
In accordance with the findings of fact and conclusions of law stated herein, the Court is of the opinion to and does make an award to the claimant in the amount of $2,100.33.
Award of $2,100.33.